STATE v. BERNARD ELMO COGGIN.

(Filed 15 January, 1965.)

**1. Automobiles § 76—**

Evidence to the effect that the passenger in an automobile driven by defendant was injured in a collision so as to require hospitalization, and that defendant walked from the scene to his half-brother's house on the same block and requested his half-brother to find out what had happened, *held* sufficient to be submitted to the jury on the question of whether defendant

knowingly and wilfully failed to render aid to his injured passenger. G.S. 20-166(c).

**2. Same—**

Evidence tending to show that defendant's passenger was unconscious from drink at the time defendant collided with a parked car, and that afterwards the passenger could not remember what had happened at the time, cannot support conviction of defendant of failing to give his name, address and operator's license to the injured party, since the law does not require a party to do a vain and useless thing.

**3. Criminal Law § 107—**

It is insufficient for the court merely to read the applicable statutory law, and give a summary of the evidence and the contentions of the parties, since G.S. 1-180 requires that the court apply the law to the facts in evidence.

**4. Automobiles § 76—**

In a prosecution under G.S. 20-166(c) the court should instruct the jury that the burden is on the State to establish beyond a reasonable doubt that defendant knowingly and intentionally failed to render reasonable assistance to the injured party, and a charge which does not instruct the jury that the failure must be with knowledge and intent is incomplete.

APPEAL by defendant from *Shaw, J.,* 3 February 1964 Session of GUILFORD (Greensboro Division).

The defendant was charged in a bill of indictment with having wilfully violated the provisions of G.S. 20-166(c), (hit and run driving), by leaving the scene of an accident without rendering aid to a visibly injured passenger or supplying the owners of the motor vehicles damaged in the accident with the requisite information tending to identify himself.

The evidence tends to show that the defendant, having been released early on the morning of 6 December 1963 from the City Jail in Greensboro, North Carolina, on bond, on a charge of driving under the influence of alcoholic beverages, together with one Carsee Hunt, likewise having been released on bond on a charge of driving without a license, left the jail in Hunt's automobile; that defendant drove Hunt's car since Hunt had no license and defendant had no car; that they drank a considerable amount of wine, beer and whiskey during the day of 6 December 1963, and about 10:30 p.m. the defendant collided with a parked automobile which in turn hit another car parked about ten feet beyond the first parked car, causing damage to both vehicles and injury to the defendant's companion and passenger, Carsee Hunt. The two parked cars belonged respectively to Thomas G. Day and his son, John R. Day. The accident occurred on Caldwell Street in Greensboro.

Carsee Hunt was either asleep or had "passed out" from drinking at the time of the accident. The evidence is to the effect that he was injured in the accident and never regained consciousness until after he had been moved to a hospital where he remained about three days. The defendant was likewise injured. He had a cut lip which was sewed up at the hospital. His injuries were not serious enough to require his admission to the hospital.

When the collision occurred causing the injuries and damage referred to above, the defendant got out of the car he was driving and proceeded away from the scene on foot, walking normally, according to the evidence. Messrs. Day saw defendant walking away and called to him to come back; the defendant turned and said to them, "I'm going to my brother's." His half-brother, Nathan Hamilton, lived on the corner of the block in which the collision occurred, 250 feet from the scene of the accident. Defendant did go to the home of his half-brother and told him he had had an accident and requested him to go to the scene and find out what had happened. The brother saw he was injured and bleeding and told him to get in his (Hamilton's) car which was parked in front of his home, and to remain there. The defendant did so until the ambulance arrived and he and Hunt were taken to the hospital. Mr. Hamilton arrived at the scene of the accident as the police arrived and before the ambulance arrived.

From a verdict of guilty and the sentence imposed thereon, the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Ray B. Brady, Staff Attorney L. P. Hornthal, Jr., for the State.*

*E. C. Kuykendall, Jr., for defendant appellant.*

DENNY, C.J. The bill of indictment upon which the defendant was tried is bottomed on subsection (c) of G.S. 20-166, which reads as follows:

"The driver of any vehicle involved in any accident or collision resulting in injury or death to any person shall also give his name, address, operator's or chauffeur's license number and the registration number of his vehicle to the person struck or the driver or occupants of any vehicle collided with, and shall render to any person injured in such accident or collision reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person, and it shall be unlawful for any person

to violate this provision, and such violator shall be punishable as provided in § 20-182."

The defendant assigns as error the failure of the court below to sustain his motion for judgment as of nonsuit, made at the close of the State's evidence and renewed at the close of all the evidence.

When the State's evidence is considered in the light most favorable to it, we think it is sufficient to carry the case to the jury on the question as to whether or not the defendant knowingly or wilfully failed to render aid to his injured passenger. This assignment of error is overruled.

We do not think the evidence in this case supports the view that the defendant is guilty of violating G.S. 20-166(c) by reason of his failure to "give his name, address, operator's or chauffeur's license number and the registration number of his vehicle," to Carsee Hunt, the injured party and owner of the car defendant was driving at the time of the accident. Hunt had turned his car over to the defendant that morning when the two were released on bond from the Greensboro jail. The two had been together all day, and, according to Hunt's testimony, "we just got out and got to riding and drinking. * * * We bought quite a bit of liquor and wine, I don't know exactly how much. It was my automobile we were riding in that night." This witness further testified that he did not remember what happened there on Caldwell Street. Moreover, other evidence by the State was to the effect that Hunt was unconscious after the accident and, certainly, no useful purpose could have been served by undertaking to give the unconscious man the information required by the statute. The law does not require a party to do a vain and useless thing. *S. v. Wall,* 243 N.C. 238, 90 S.E. 2d 383.

The appellant assigns as error the following instruction to the jury:

"If the State of North Carolina has satisfied you from the evidence and beyond a reasonable doubt of the defendant's guilt of the offense as specified in the statute, as the Court has read and explained the offense to you, and defined it, that is the offense as headed 'Duty to Stop and Report an Accident or Collision and Furnish Assistance to an Injured Person,' as contained in G.S. 20-166, as the Court has defined it to you, then it would be your duty to so find, and you would return a verdict of guilty."

The court below read subsections (a), (b) and (c) of G.S. 20-166 to the jury, then gave a summary of the evidence and the contentions of the State and of the defendant. Thereupon, the court concluded its charge to the jury with the language quoted above, followed by the statement, "If you are not so satisfied, and if you have a reasonable doubt as to the defendant's guilt, you should give the defendant the

benefit of such reasonable doubt and return a verdict of not guilty." The foregoing instruction, to which the appellant excepted, is not in compliance with the requirements of G.S. 1-180, which provides that the trial judge "shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." *S. v. Flinchem,* 228 N.C. 149, 44 S.E. 2d 724; *S. v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921. It is not sufficient merely for the court to read a statute bearing on the issue in controversy and leave the jury unaided to apply the law to the facts. *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *S. v. Sutton, supra; Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484.

The defendant further assigns as error the failure of the court below to charge the jury with respect to intent and wilfullness in connection with the violation of the provisions contained in G.S. 20-166(c), which statute provides that a violation of the provisions therein with respect to assistance to an injured person, *et cetera,* "shall be punishable as provided in § 20-182." In G.S. 20-182 it is provided that a defendant convicted of wilfully violating G.S. 20-166(c) may be punished by imprisonment for not less than one nor more than five years in the State prison, or fined not more than $500.00, or by both fine and imprisonment.

Therefore, we hold that the defendant was entitled to have the trial judge instruct the jury that the burden was on the State to establish beyond a reasonable doubt that the defendant knowingly or intentionally failed to render reasonable assistance to his injured passenger, including the carrying of him to a physician or surgeon for medical or surgical treatment if it was apparent that such treatment was necessary. *S. v. Ray,* 229 N. C. 40, 47 S.E. 2d 494.

In our opinion, the defendant is entitled to a new trial and it is so ordered.

New trial.