STATE OF NORTH CAROLINA v. JEROME McKINNON

No. 7025SC567

(Filed 18 November 1970)

Assault and Battery § 15; Criminal Law § 113— felonious assault — instructions — application of law to evidence

> In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries not resulting in death, instructions of the trial court which failed to apply the law to the evidence constituted reversible error. G.S. 1-180.

APPEAL by defendant from *Long, S.J.,* 16 March 1970 Regular Criminal Session of CATAWBA Superior Court.

Defendant was tried upon two separate bills of indictment charging him with assault with a deadly weapon with intent to kill, inflicting upon Bobby Harris and Dorothy Harris respectively serious injuries not resulting in death. The cases were consolidated for trial.

Defendant entered a plea of not guilty and offered evidence tending to show self-defense in each case. The court charged the jury that they could return verdicts of guilty as charged, guilty of one of four lesser included offenses, or not guilty.

---

State v. McKinnon

---

The jury returned verdicts of guilty in each case of assault with a firearm inflicting serious injury. Judgments imposing consecutive sentences of three to five years were entered upon the verdicts and defendant appealed.

*Attorney General Robert Morgan by William Lewis Sauls, Staff Attorney, for the State.*

*Thomas W. Warlick for defendant appellant.*

GRAHAM, Judge.

Defendant assigns as error the failure of the court to declare and explain the law arising on the evidence given in the case as required by G.S. 1-180. This assignment of error is well taken. The court instructed the jury as to the necessary elements of the offense charged and each lesser included offense without any reference to the evidence offered in this case. Near the conclusion of the charge the court stated:

> "Now, members of the jury, the court will briefly recapitulate the evidence in this case which has been offered so that the law which I have given you may be applied to the evidence."

Then followed a recital of what some of the evidence tended to show, but no instruction was given as to how the law applied to it. Thus, the jury was left unaided to apply the abstract principles of law to the facts. This was error requiring a new trial. *Roberts v. Freight Carriers,* 273 N.C. 600, 160 S.E. 2d 712; *State v. Coggin,* 263 N.C. 457, 139 S.E. 2d 701; *State v. Herbin,* 232 N.C. 318, 59 S.E. 2d 635.

We do not rule on other assignments of error brought forward by defendant since the questions raised may not recur on another hearing.

New trial.

Judges BROCK and MORRIS concur.