STATE OF NORTH CAROLINA v. MALCOLM KEITH FEARING, III

No. 80ISC691

(Filed 3 February 1981)

**1. Automobiles § 131.1— accessory after the fact to hit and run driving — sufficiency of evidence**

In a prosecution of defendant for being an accessory after the fact to the willful failure immediately to stop a motor vehicle at the scene of an accident and collision resulting in injury or death, evidence was sufficient to be submitted to the jury where it tended to show that a third person, while driving an automobile owned by defendant, struck, injured and killed a named person; the driver knew he had struck a person but did not stop at the scene of the accident; and upon learning that the driver had struck a person and had not stopped, defendant, who was not in the car nor present at the scene of the accident, assisted the driver in avoiding apprehension, arrest, and punishment for such offense.

**2. Automobiles § 131.2— hit and run driving — knowledge that person was injured or killed — instruction required**

In order to lay the basis for punishment under G.S. 20-182, the State must show that defendant willfully violated G.S. 20-166(a) by failing to stop at the scene of an accident knowing that there was an accident and knowing that a person had been injured or killed in the accident; therefore, in a prosecution of defendant for being an accessory after the fact to hit and run driving, the trial court's instruction was erroneous because it gave the impression that, if the accident did involve injury or death to a person, knowledge that an accident had occurred was sufficient to provide the element of willful failure to stop, and did not require a showing of the driver's knowledge of injury or death to a person.

Judge HEDRICK dissenting.

APPEAL by defendant from *Brown, Judge.* Judgement entered 29 February 1980 in Superior Court, DARE County . Heard in the Court of Appeals 3 December 1980.

Defendant was charged in a bill of indictment with being an accessory after the fact to the willful failure to immediately stop a motor vehicle at the scene of an accident and collision resulting in the injury and death of Cloise H. Creef. Defendant pleaded not guilty, was tried, convicted, and given an active sentence. The facts will be summarized in the body of the opinion.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White and McCown & McCown, by Wallace H. McCown, for defendant appellant.*

WELLS, Judge.

[1] The offense with which defendant was charged was that he unlawfully, willfully, and feloniously received, harbored, maintained, shielded, comforted and assisted Charles Silsby Fearing to avoid apprehension, arrest, and punishment for the commission of the felony of failure to immediately stop a motor vehicle at the scene of an accident involving injury to and the death of Cloise H. Creef, in violation of G.S. 20-166, commonly referred to as the "hit and run" statute.[1] The State's evidence, viewed in the light most favorable to

---

[1] § 20-166. Duty to stop in event of accident or collision; furnishing information or assistance to injured person, etc.; persons assisting exempt from civil liability.— (a) The driver of any vehicle involved in an accident or collision resulting in injury or death to any person shall immediately stop such vehicle at the scene of such accident or collision, and any person violating this provision shall upon conviction be punished as provided in G.S. 20-182.

(b) The driver of any vehicle involved in an accident or collision resulting in damage to property and in which there is not involved injury or death of any person shall immediately stop his vehicle at the scene of the accident or collision and shall give his name, address, operator's or chauffeur's license number and the registration number of his vehicle to the driver or occupants of any other vehicle involved in the accident or collision or to any person whose property is damaged in the accident or collision; provided that if the damaged property is a parked and unattended vehicle and the name and location of the owner is not known to or readily ascertainable by the driver of the responsible vehicle, the said driver shall furnish the information required by this subsection to the nearest available peace officer, or, in the alternative, and provided he thereafter within 48 hours fully complies with G.S. 20-166.1(c),

State v. Fearing

the State tended to show that Charles Silsby Fearing, while driving an automobile owned by the defendant, struck, injured and killed Cloise H. Creef and that Charles Fearing knew he had struck a person, but did not stop at the scene of the accident. Upon learning that Charles Fearing had struck a person and had not stopped, defendant, who was not in the car nor present at the scene of the accident, assisted Charles Fearing in avoiding apprehension, arrest, and punishment for such offense. The State's evidence was sufficient to overcome defendant's motion to dismiss and his assignment of error to the trial court's failure to grant such motion is overruled.

Defendant has brought forward twenty-three other assignments of error. In one of these assignments, defendant contends that the trial court erred in failing to properly instruct the jury as to the elements of the offense of hit and run involving injury or death to a person. The portions of the trial court's charge excepted to by defendant were, in pertinent parts, as follows:

> For you to find the defendant guilty as an accessory after the fact to the felony of failure to immediately stop a motor vehicle at the scene of an accident involving injury or death, the State must prove beyond a reasonable doubt:

shall immediately place a paper-writing containing said information in a conspicuous place upon or in the damaged vehicle and, provided that if the damaged property is a guardrail, utility pole, or other fixed object owned by the Department of Transportation, a public utility, or other public service corporation to which report cannot readily be made at the scene, it shall be sufficient if the responsible driver shall furnish the information required to the nearest peace officer or make written report thereof containing said information by U.S. certified mail, return receipt requested, to the N.C. Division of Motor Vehicles within five days following said collision. Any person violating the provisions of this subsection shall be guilty of a misdemeanor and fined or imprisoned for a period of not more than two years, or both, in the discretion of the court. (Amended effective 1 January 1981.)

(c) The driver of any vehicle involved in any accident or collision resulting in injury or death to any person shall also give his name, address, operator's or chauffeur's license number and the registration number of his vehicle to the person struck or the driver or occupants of any vehicle collided with, and shall render to any person injured in such accident or collision reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person, and it shall be unlawful for any person to violate this provision, and such violator shall be punishable as provided in G.S. 20-182. (Amended effective 1 January 1981.)

First, that the crime of failure to immediately stop a motor vehicle at the scene of an accident involving injury or death, was committed by Charles S. Fearing, that is to say that the State must prove beyond a reasonable doubt that the 1972 Mercedes was involved in an accident, and that at the time Charles S. Fearing was driving the 1972 Mercedes; that Charles S. Fearing knew of the accident; that Cloice [*sic*] H. Creef was physically injured or killed in the accident; that Charles S. Fearing failed to immediately stop the vehicle at the scene of the accident, and that Charles S. Fearing's failure was wilful, that is intentional and without justification or excuse.

. . . .

So I charge that if you find from the evidence and beyond a reasonable doubt that on or about February 19, 1979, the crime of failure to immediately stop a 1972 Mercedes motor vehicle at the scene of an accident involving injury or death to Cloice [*sic*] H. Creef, was committed by Charles S. Fearing, that is to say that on or about February 19, 1979, Charles S. Fearing, while driving a 1972 Mercedes, was involved in an accident in which Cloice [*sic*] H. Creef was physically injured or killed, and that Charles S. Fearing knew of the accident and wilfully failed to immediately stop at the scene . . . .

Defendant argues that the charge is erroneous because it gives the impression that if the accident did involve injury or death to a person, knowledge that an accident has occurred is sufficient to provide the element of willful failure to stop, whereas defendant argues that to establish willfulness it is necessary to show knowledge of injury or death to a person. The State on the other hand argues that if the accident did involve injury or death to a person, a showing of knowledge of an accident only is sufficient to establish as willful the failure of the driver to immediately stop a vehicle at the scene. In order to resolve the question, we must consider G.S. 20-182[2] as this statute affects the provisions of G.S. 20-166.

---

[2] § 20-182. Penalty for failure to stop in event of accident involving injury or death to a person. — Every person convicted of willfully violating G.S. 20-166, relative to the duties to stop or render aid or give the information required in the event of accidents, except as otherwise provided, involving injury or death to a person, shall

The hit and run statute was first adopted as a part of the Uniform Motor Vehicles Act of 1927.[3] The section of the 1927 session laws providing for the penalty for failure to stop in the event of an accident involving injury or death to a person allowed punishment by imprisonment in the State prison, thus making the offense a felony, but it did not contain the requirement that the violation be willful. It thus appears that in its original form, the statute did not require a showing of willful failure to stop, and that under its original form, the State's argument in this case would have been sound, *i.e.*, all that need be shown was knowledge *of an accident* and failure to stop.

In the 1937 session, the General Assembly rewrote the Motor Vehicles Act.[4] The 1937 Act incorporated the requirement of willfulness with respect to a felony conviction of failing to stop in the event of accidents involving injury or death to a person. Following the enactment of the 1937 Act, the first decision dealing with the aspect of a willful failure to stop after an accident involving injury to a person was *State v. Ray*, 229 N.C. 40, 47 S.E. 2d 494 (1948). In *Ray*, the State's evidence showed that defendant, the driver of a large truck, was proceeding along a highway and was met by an automobile proceeding in the opposite direction. When the two vehicles passed, the rear-end of the truck swerved across the center of the road and struck the automobile, causing injuries to a passenger in the car. The truck continued along the highway without reducing its speed or stopping. In reversing the conviction of the truck driver for a violation of G.S. 20-166, Justice Ervin, speaking for the Court, interpreted the requirements of the statute as follows:

be punished by imprisonment for not less than one nor more than five years, or in the State prison for not less than one nor more than five years, or by fine of not less than five hundred dollars ($500.00) or by both such fine and imprisonment. The Commissioner shall revoke the operator's or chauffeur's license of the person so convicted. In no case shall the court have power to suspend judgment upon payment of costs. (Amended effective 1 July 1980.)

[3] *See* 1927 N.C. Sess. Laws, ch. 148, article II, § 29 and article V, § 61.

[4] *See* 1937 N.C. Sess. Laws, ch. 407, article X, § 128 and article XII, § 142. *See also* 1939 N.C. Sess. Laws, ch. 10 which corrected an inconsistency as to punishment or penalty provided for violation of hit and run involving property damage and violation involving injury or death to a person. *See also* Note, 17 N.C.L. Rev. 327, 349 (1939).

It would be a manifest absurdity to expect or require the driver of a motor vehicle to perform the acts specified in the statute in the absence of knowledge that his vehicle has been involved in an accident resulting in injury to some person. Hence, both reason and authority declare that such knowledge is an essential element of the crime created by the statute now under consideration. (Citations omitted.) This position is expressly sustained by our statute prescribing the punishment for persons "convicted of willfully violating G.S., 20-166, relative to the duties to stop in the event of accidents . . . involving injury or death to a person." G.S., 20-182.

In this case, the State itself introduced a statement of the accused to the effect that he had no knowledge or notice that he had struck any motor vehicle or injured any person while driving his truck upon the Henderson-Oxford Highway. If true, this declaration plainly negatived the existence of an essential element of the crime charged in the indictment, to wit, that the defendant knew that the truck driven by him had been involved in an accident resulting in injury to a person. The exculpatory statement of the defendant is not contradicted or shown to be false by any other fact or circumstance in evidence. Consequently, we are constrained to hold upon the record here presented that this exculpatory statement is binding upon the State, and that the motion of the defendant for judgment of nonsuit ought to have been sustained in the court below. (Citations omitted.)

*State v. Ray, supra,* at 42-43, 47 S.E. 2d at 495.

The question was again before our Supreme Court in *State v. Overman,* 257 N.C. 464, 125 S.E. 2d 920 (1962), wherein Justice (later Chief Justice) Sharp succinctly stated the requirements for a conviction of G.S. 20-166(a) as follows:

Therefore, in order to convict the defendant on the first count which charged a violation of G.S. 20-166(a), it was necessary for the State to prove that on the occasion in question, the defendant was the operator of the 1957 two-tone green Chevrolet automobile which the State contended drove westerly down Stonewall Street be-

tween Delaware Avenue and Queen Anne Street; that this vehicle was involved in an accident or collision with Frank E. Nutley; *and that knowing he had struck Nutley, the defendant failed to stop his vehicle immediately at the scene. State v. Ray,* 229 N.C. 40, 47 S.E. 2d 494.

(Emphasis supplied.) *State v. Overman, supra,* at 467, 125 S.E. 2d at 923.

*State v. Coggin,* 263 N.C. 457, 139 S.E. 2d 701 (1965), involved a violation of G.S. 20-166(c), which carries with it the identical provisions as to penalty for violation as provided in G.S. 20-182. In *Coggin,* the State's evidence showed that defendant was driving an automobile involved in an accident in which an intoxicated passenger was injured, and that the passenger was unconscious following the accident. We quote the following pertinent portion of that decision:

The defendant further assigns as error the failure of the court below to charge the jury with respect to intent and wilfullness in connection with the violation of the provisions contained in G.S. 20-166(c), which statute provides that a violation of the provisions therein with respect to assistance to an injured person, *et cetera,* "shall be punishable as provided in § 20-182." In G.S. 20-182 it is provided that a defendant convicted of wilfully violating G.S. 20-166(c) may be punished by imprisonment for not less than one nor more than five years in the State prison, or fined not more than $500.00, or by both fine and imprisonment.

Therefore, we hold that the defendant was entitled to have the trial judge instruct the jury that the burden was on the State to establish beyond a reasonable doubt that the defendant *knowingly or intentionally failed to render reasonable assistance* to his injured passenger, including the carrying of him to a physician or surgeon for medical or surgical treatment *if it was apparent that such treatment was necessary. State v. Ray,* 299 N.C. 40, 47 S.E.2d 494.

(Emphasis supplied.) *State v. Coggin, supra,* at 461, 139 S.E. 2d at 703-4.

In *State v. Glover,* 270 N.C. 319, 154 S.E. 2d 305 (1967), defend-

ant was convicted of violating G.S. 20-166(a) and (c). The convictions were upheld, but the opinion of the Court contains the following pertinent statement:

> The totality of the State's evidence would permit a jury to find that just before the defendant turned over he saw a pedestrian in front of him, that he ran over this pedestrian and inflicted upon him serious injuries, that he must have known that he had been involved in an accident *and had injured this person by striking him with his automobile.*

(Emphasis supplied.) *State v. Glover, supra,* at 322, 154 S.E. 2d at 307.

In *State v. Fearing,* 48 N.C. App. 329, 269 S.E. 2d 245, *cert. denied,* 301 N.C. 99, 273 S.E. 2d 303 (1980), we find the following statement:

> To support a verdict of guilty under G.S. 20-166(a), the State must prove that defendant was driving the automobile involved in the accident at the time it occurred; that the vehicle defendant was driving came into contact with another person resulting in injury or death; and that defendant, *knowing he had struck the victim,* failed to stop immediately at the scene. *State v. Overman,* 257 N.C. 464, 125 S.E. 2d 920 (1962). *Knowledge of the driver that his vehicle has been involved in an accident resulting in injury to a person is an essential element of this offense. State v. Glover,* 270 N.C. 319, 154 S.E. 2d 305 (1967); *State v. Ray,* 229 N.C. 40, 47 S.E. 2d 494 (1948).

(Emphasis supplied.) *State v. Fearing, supra,* at 334, 269 S.E. 2d at 249.

**[2]** These decisions of our appellate courts clearly establish the requirement that in order to lay the basis for punishment under G.S. 20-182, the State must show that the defendant willfully violated G.S. 20-166(a) by failing to stop at the scene of an accident knowing that there was an accident *and knowing that a person had been injured or killed in the accident.* The cases in the majority of other American jurisdictions appear to agree with this requirement of guilty knowledge of injury to a person. *See* Annot., 23 A.L.R. 3d 497 (1969).

State v. Fearing

Guilty knowledge of injury to a person was a central issue in this case. The driver of the car, Charles Fearing, admitted that the car collided with something, but his testimony and statements were to the effect that due to distractions by a passenger in the car, his eyes were off the road and he did not see what he had hit and did not know he had hit a person. Under this evidence, the defendant was entitled to a clear instruction as to the guilty knowledge of Charles Fearing, not just that Charles Fearing knew there had been an accident and failed to stop, but that he knew the accident involved injury or death to a person. The charge of the trial court did not accomplish this requirement and for this error, defendant is entitled to a new trial.[5]

As the other asserted errors in the trial are not likely to arise again, we do not address them here.

New trial.

Judge MARTIN (Robert M.) concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting:

The identical infirmity in the instructions upon which the majority awards the defendant a new trial was the basis of an assignment of error in *State v. Fearing*, 48 N.C. App. 329, 269 S.E. 2d 245, *cert. denied*, 301 N.C. 99, 273 S.E. 2d 303 (1980) wherein another panel of this Court in an opinion authored by Chief Judge Morris declared the assignment of error to be without merit. I vote to find no prejudicial error.

---

[5] We note, as pointed out by the State in its brief, that the charge used by the trial court, so far as it relates to a violation of G.S. 20-166(a) by the driver of the motor vehicle is based upon the North Carolina Pattern Jury Instructions for Criminal Cases, section 271.50.