STATE OF NORTH CAROLINA v. CHAUNCEY ROSCOE VAUGHAN, DEFENDANT

No. 809SC1097

(Filed 7 April 1981)

**Criminal Law § 91– 243 days between arrest and trial – denial of speedy trial**

Defendant was entitled to have the charge against him dismissed on the ground that he was denied a speedy trial where defendant was arrested on 16 May 1979 and was first brought to trial on 14 January 1980; the burden upon the State was to show not just that a limited number of terms of court were

available to try defendant, but that due to such limited number of terms of court, the time limitation of the Speedy Trial Act could not reasonably be met; and the State did not meet its burden of showing why defendant's case could not reasonably have been reached and tried at the August, September, October and November terms of court which took place before 3 December 1979 when defendant filed his motion for speedy trial. G.S. 15A-701(b).

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 1 July 1980 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 12 March 1981.

Defendant was charged in a proper indictment with armed robbery, was tried and convicted, and was sentenced to a term of imprisonment. From this judgment, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Christopher P. Brewer, for the State.*

*Davis, Sturges & Tomlinson, by Aubrey S. Tomlinson, Jr., for defendant appellant.*

WELLS, Judge.

Defendant has brought forward numerous assignments of error relating to his trial below. In one of his assignments, defendant contends that the trial court erred in not granting his motion to dismiss the charge against him on the grounds that defendant was denied a speedy trial.

On 23 April 1979, defendant was indicted for the armed robbery of William Attaway Eaton and Willis Pearce Weathers on 14 May 1978. Defendant was arrested on 16 May 1979. On 3 December 1979, defendant filed *pro se* a written motion for a speedy trial, or for dismissal of the charges against him. Defendant was brought to trial on 14 January 1980. The trial record does not reflect any action on defendant's 3 December 1979 motion prior to the 14 January 1980 trial. That trial resulted in a mistrial. Defendant was again brought to trial on 21 April 1980. The record does not reflect any action on defendant's 3 December 1979 motion prior to the 21 April 1980 trial. That trial resulted in a mistrial on 23 April 1980, at which time defendant renewed his motion for a speedy trial, requesting that his case be set for trial at the next Criminal Session of Franklin County Superior Court, which began the following Monday. The trial judge declined to act on the motion. As of 30 May 1980, defendant's case had not been tried or scheduled for

trial, and on that date defendant filed another written motion seeking to have the charge against him dismissed on the grounds of having been denied a speedy trial. Defendant was brought to trial again on 30 June 1980, at which time the trial court denied his motion to dismiss for failure of the State to give him a speedy trial.

Defendant contends that pursuant to the provisions of G.S. 15A-701, he is entitled to have the charges against him dismissed. The applicable statute, G.S. 15A-701 (a1) (Supp. 1979), provides in pertinent part:

[T]he trial of a defendant charged with a criminal offense who is arrested, served with criminal process, waives an indictment or is indicted, on or after October 1, 1978, and before October 1, 1980, shall begin within the time limits specified below:

(1) Within 120 days from the date the defendant is arrested, served with criminal process, waives an indictment, or is indicted, whichever occurs last;

.   .   .   .

Two hundred and forty-three days elapsed between the time defendant was arrested on 16 May 1979 — the last occurring event under G.S. 15A-701 (a1) — and the date defendant was first brought to trial on 14 January 1980.

G.S. 15A-701(b) sets out a number of grounds upon which periods of time may be excluded from computing the time within which the trial of a criminal offense must begin. Subsection (8) provides that:

Any period of delay occasioned by the venue of the defendant's case being within a county where, due to limited number of court sessions scheduled for the county, the time limitations of this section cannot reasonably be met.

G.S. 15A-703 provides in pertinent part as follows:

If a defendant is not brought to trial within the time limits required by G.S. 15A-701 or within the time prescribed by the judge in his order for prompt trial under G.S. 15A-702(b), the charge shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of sup-

porting that motion but the State shall have the burden of going forward with evidence in connection with excluding periods from computation of time in determining whether or not the time limitations under this Article have been complied with. ...

At the time defendant's motion for speedy trial was heard and disposed of, on 30 June 1980, defendant met his burden by filing an affidavit setting forth the events and dates, sufficient to support his motion. The record does not disclose, however, that the State met its burden of showing that any of the time elapsing between the date of arrest and date of initial trial should have been excluded. In denying defendant's motion, the trial court made the following pertinent findings of fact:

1. That the defendant was indicted on the charge of armed robbery on the 23rd day of April, 1979, which said indictment was served on the defendant on the 16th day of May, 1979.

2. That the defendant moved to dismiss, pursuant to Section 15A-701 on December 13, 1979.

3. That the defendant was tried at the January 16, 1980, term of Superior Court in Franklin County, said trial having ended in a mistrial due to mis-statement by a witness for the State in violation of an Order of the Court.

4. That the defendant was again placed on trial at the April, 1980, term of the Superior Court in Franklin County, at which time there was a mistrial declared, based on the impossibility of the jurors in reaching a verdict.

5. That there are less than twenty sessions of Criminal Superior Court scheduled in Franklin County, and Franklin County falls within the purview of the 15A-702 of the General Statutes of North Carolina.

. . . .

The trial court then entered the following conclusion of law:

1. That the defendant's motion for a dismissal pursuant to Section 15A-701 of the General Statutes of North Carolina should be denied in that Franklin County falls within the purview of Section 15A-702 of the General Statutes of

North Carolina concerning counties with limited Court sessions.

Apparently, the district attorney argued to the trial court that Franklin County was *exempt* from the provisions of the speedy trial statute due to the limited number of terms of court scheduled there. Such a position, if used by the State, is obviously erroneous. No county is *exempt* from the Act.

The State contends before this Court that the trial court in denying defendant's motion could take judicial notice of the limited number of terms of court in Franklin County and that the taking of such notice is sufficient to support its order denying defendant's motion. We must reject this argument. The State's burden under the facts of this case was to show not just that a "limited" number of terms of court were available to try defendant, but that due to such limited number of terms of court, the time limitation of the statute could not *reasonably* be met. We take judicial notice that there were criminal terms of Superior Court held in Franklin County in August, September, October and November of 1979. The State has not met its burden of showing why defendant's case could not reasonably have been reached and tried at the 20 August 1979 term, within 120 days, or for that matter, at any of the other terms ensuing between that term and 3 December 1979 when defendant filed his motion. For the State's failure to meet its burden, the charge against defendant must be dismissed. *See State v. Edwards*, 49 N.C. App. 426, 271 S.E. 2d 533 (1980).

The judgment entered against defendant in the court below must be vacated and the case remanded to the Superior Court of Franklin County for entry of an order granting defendant's motion to dismiss for failure to comply with the Speedy Trial Act. In determining whether such order should be entered with or without prejudice, the trial court should consider the factors set forth in G.S. 15A-703.

In another assignment of error, defendant contends that he has twice been put in jeopardy for the same offense, in violation of the provisions of Article I of the North Carolina Constitution and the provisions of the Fifth Amendment to the United States Constitution, asserting that jeopardy attached in his April 1980 trial when the trial judge declared a mistrial over his objection. At that trial, the record discloses that about one hour

and forty minutes after beginning its deliberations, the jury returned to the courtroom, where the foreman informed the trial judge that the jury was unable to agree on a verdict. The foreman indicated that on their first vote they had split three and nine and that on their last vote they were split seven and five. The trial judge then inquired of the foreman whether in the foreman's opinion the jury could reach a unanimous verdict if they deliberated another hour or so. When the foreman responded in the negative, the trial judge declared a mistrial. It is settled law in this State that after a jury has declared its inability to reach a verdict, the action of the trial judge in declaring a mistrial is reviewable only in case of gross abuse of discretion, the burden being upon the defendant to show such abuse. *State v. Alston,* 294 N.C. 577, 584, 243 S.E. 2d 354, 359 (1978); *State v. Johnson,* 41 N.C. App. 423, 427, 255 S.E. 2d 275, 278 (1979). Defendant has clearly failed to carry that burden in this case, and this assignment is overruled.

We have carefully examined defendant's other assignments of error and find them to be without merit.

The judgment below is vacated and this case will be remanded to the Superior Court of Franklin County for proceedings consistent with this opinion.

Vacated and remanded.

Judges VAUGHN and BECTON concur.