State v. Vaughan

STATE OF NORTH CAROLINA v. CHAUNCEY ROSCOE VAUGHAN

No. 81

(Filed 3 November 1981)

ON certiorari to review decision of the Court of Appeals reported in 51 N.C. App. 408, 276 S.E. 2d 518 (1981), vacating judgment of *Hobgood (Robert H.), J.,* entered 1 July 1980 in FRANKLIN Superior Court.

The record discloses the following chronology of events:

1. The alleged robbery occurred on 14 May 1978.

2. On 23 April 1979, the Grand Jury of Franklin County returned a true bill of indictment against defendant. A copy of the bill was served on defendant on 16 May 1979, and he was arrested on that date.

3. Defendant was first brought to trial on 14 January 1980. Between that date and the date of his arrest, four regularly scheduled criminal sessions of Superior Court were held in Franklin County. Defendant's case was calendared for the August 1979 session but not reached. The case was not calendared for the September or October 1979 sessions of court. It was calendared for December 1979, but that session of court was canceled for reasons undisclosed.

4. On 3 December 1979, defendant filed a pro se written motion for a speedy trial or for dismissal of the charges against him. The record fails to show any action taken on that motion. The trial was finally held for the first time on 14 January 1980 and resulted in a mistrial.

5. Defendant was again brought to trial on 21 April 1980. Prior to trial, the court considered defendant's 3 December 1979 motion and denied it. This second trial also resulted in a mistrial,

and on 23 April 1980 defendant called the court's attention to his written motion for a speedy trial and orally renewed said motion, requesting the judge to set his case peremptorily for trial at the next criminal session of Franklin Superior Court, which would have been the following Monday, *i.e.*, the second week of a two-week session beginning 21 April 1980. The trial court took no action on this motion, and on 30 May 1980 defendant filed a second written motion seeking to have the charges against him dismissed on the ground that he had been denied a speedy trial.

6. On 30 June 1980, defendant was brought to trial for the third time. Prior to trial, the presiding judge denied defendant's speedy trial motion dated 30 May 1980 and made findings of fact and conclusions of law to the effect that defendant had not been denied a speedy trial because the limited number of court sessions scheduled for Franklin County placed the county under G.S. 15A-702 for purposes of the Speedy Trial Act and G.S. 15A-701 did not apply. Defendant was thereupon tried before a jury, convicted of armed robbery, and sentenced to a lengthy prison term. He appealed to the Court of Appeals.

7. In the Court of Appeals defendant contended, among other things, that the trial court erred in denying his motion to dismiss for lack of a speedy trial. The Court of Appeals so held, reversed the trial court, vacated the judgment and remanded the case to Franklin Superior Court to be dismissed for failure to comply with the Speedy Trial Act. That court further directed the trial court to consider the factors set out in G.S. 15A-703 in determining whether the dismissal should be with or without prejudice. On 9 July 1981, we granted the State's petition for certiorari and supersedeas.

*Rufus L. Edmisten, Attorney General, by Christopher P. Brewer, Assistant Attorney General, for the State appellant.*

*Aubrey S. Tomlinson, Jr., for defendant appellee.*

PER CURIAM.

After reviewing the record and briefs and hearing oral arguments, we conclude that the petition for further review was improvidently granted. Our order allowing certiorari is therefore

vacated. *See* G.S. 15A-701, -702, -703. The decision of the Court of Appeals remains undisturbed and in full force and effect.

Certiorari improvidently allowed.