STATE OF NORTH CAROLINA v. MALCOLM KEITH FEARING, III

No. 27

(Filed 1 December 1981)

1. **Criminal Law §§ 73.3, 73.4— statements are part of res gestae — statements showing state of mind**

    In a prosecution for accessory after the fact to a felony hit and run, statements made by the driver to an officer in defendant's presence concerning the circumstances of the accident, after which defendant told the officer that he had nothing to add to the driver's account and the State at trial produced evidence tending to show that defendant did know about additional events of criminal significance, did not constitute inadmissible hearsay against defendant but were competent (1) as part of the *res gestae, i.e.,* the course of events attendant to the investigation of the hit and run, and (2) as evidence of defendant's knowledge and state of mind, *i.e.,* his intent to assist the driver in his efforts to avoid a felony prosecution by rejecting an opportunity to detail other relevant facts which he knew about the accident.

2. **Criminal Law §§ 42.1, 43— admissibility of photographs of car and car itself**

    In a prosecution for accessory after the fact to hit and run driving, photographs of defendant's car were properly admitted to illustrate the testimony of an officer tending to show that the hit and run was committed with defendant's car and that subsequent efforts had been made to conceal this fact at a body shop; furthermore, the damaged car itself was properly admitted as direct real evidence of its wrecked condition as well as to illustrate the officer's testimony.

3. **Criminal Law § 53.1— expert testimony as cause of death — hypothetical question not necessary**

    A pathologist was properly permitted to give an expert opinion on the cause of death based solely upon his personal observations and the factual knowledge he thereby obtained during his actual examination of the body of deceased without testifying in response to a hypothetical question.

**4. Automobiles § 131.1 — accessory after fact to hit and run driving — sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction as an accessory after the fact to felonious hit and run driving.

**5. Criminal Law § 91 — Speedy Trial Act — delay caused by limited court sessions**

G.S. 15A-702 does not exempt counties with limited court sessions from the operation of the time limits stated in G.S. 15A-701; rather, justifiable delay caused by a county's number of court sessions is a period which may be excluded from the required time table of G.S. 15A-701.

**6. Criminal Law § 91 — delay between indictment and trial — exclusions under Speedy Trial Act**

The following periods of time are properly excluded from the 120-day period provided by the Speedy Trial Act: (1) the 23 days consumed by the disposition of the State's motions for a special jury venire from another county are properly excluded pursuant to G.S. 15A-701(b)(1)(d); (2) 102 days elapsing between the court's denial of the State's first motion for a special venire and the next regularly scheduled term of court in the county are properly excluded under G.S. 15A-701(b)(8); (3) 77 days during which a continuance was granted to defendant is properly excluded under G.S. 15A-701(b)(7); and (4) 69 days between the time the trial judge ordered the selection of a special jury venire from another county until the time of trial is excludable under G.S. 15A-701(b)(1)(d). Therefore, a total of 271 of the 336 days elapsing between defendant's indictment and trial are statutorily excluded from the speedy trial computation, and defendant was tried within the 120-day period of G.S. 15A-701(a1).

**7. Courts § 9.1; Jury § 2.1 — motion for special venire denied — renewed motion allowed by another judge**

The trial judge erred in granting the State's renewed motion for a special jury venire from another county after another judge had denied the special venire approximately 6 months earlier.

Justice HUSKINS dissenting in part.

Justice MEYER joins in the dissenting opinion.

Chief Justice BRANCH joins in one portion of the dissenting opinion, and Justice CARLTON joins in another portion of the dissenting opinion.

APPEAL as a matter of right, pursuant to G.S. 7A-30(2), of the decision of the Court of Appeals (*Judge Wells*, with *Judge Robert Martin* concurring, and *Judge Hedrick* dissenting) reported at 50 N.C. App. 475, 274 S.E. 2d 356 (1981), ordering a new trial for defendant upon the judgment of conviction entered by *Brown, Judge*, at the 11 February 1980 Criminal Session of Superior Court, DARE County.

Defendant was charged in an indictment, proper in form, with being an accessory after the fact to a felony hit-and-run caus-

ing the death of Cloise H. Creef, in violation of G.S. 14-7. Upon his plea of not guilty, defendant was tried and convicted as charged. The court thereupon entered judgment imposing an active prison term of one year.

The State's evidence concerning the occurrence of the hit-and-run accident and defendant's participation in a subsequent attempt to cover up Charles Fearing's commission of this felony is adequately summarized in the three prior opinions rendered by the Court of Appeals in this matter. *See State v. Duvall,* 50 N.C. App. 684, 275 S.E. 2d 842 (1981); *State v. (Malcolm) Fearing,* 50 N.C. App. 475, 274 S.E. 2d 356 (1981); *State v. (Charles) Fearing,* 48 N.C. App. 329, 269 S.E. 2d 245 (1980). For purposes of this appeal by the State, it would be unduly repetitious, without being particularly helpful, to restate in detail the facts surrounding this tragic accident. We shall therefore incorporate into the opinion only those facts essential to an understanding of our specific legal conclusions.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White, and McCown & McCown, by Wallace H. McCown, for defendant-appellee.*

COPELAND, Justice.

This is one of three cases decided by our Court today which arise out of the same accident in Dare County. *See State v. Charles Fearing,* 304 N.C. 471, 284 S.E. 2d 487 (1981); *State v. Duvall,* 304 N.C. 557, 284 S.E. 2d 495 (1981). The instant case, *State v. Malcolm Fearing,* is before us specifically upon the State's appeal from the Court of Appeals' decision ordering a new trial of defendant for error in the judge's instructions upon the essential elements of a hit-and-run offense under G.S. 20-166. This identical issue, concerning the adequacy of the instructions about the hit-and-run driver's knowledge and intent, has been fully and correctly addressed in the companion opinion of *State v. Charles Fearing, supra,* and, for the reasons there stated by Justice Britt, we affirm the Court of Appeals' award of a new trial upon this

ground without further ado. We thus direct our attention to the other assignments of error, properly raised by defendant, which may recur at his next trial.

I

[1] Defendant contends that the court erroneously admitted the content of a conversation between Trooper J. W. Bonner and Charles Fearing, the driver of the vehicle in the charged hit-and-run accident. Specifically, the trooper testified that Charles Fearing and defendant approached him at the scene of the accident, where the victim's body was found, on 20 February 1979. Charles Fearing told Trooper Bonner that he had "struck something" the night before, while he was driving defendant's car, and showed him a signpost (as an explanation of what he might have hit). Defendant stood within two to three feet of these conversants during their initial dialogue. A short while later, another trooper advised Charles Fearing and defendant of their *Miranda* rights. Charles Fearing, defendant and defendant's father then rode with Trooper Bonner to a body shop to inspect defendant's car. During the ride, Charles Fearing related further the circumstances surrounding his accident on 19 February 1979. When Charles finished his story, the trooper asked defendant "if he had anything else to relate, anything other to add. . . ." Defendant replied that he did not. At trial, however, the State produced evidence tending to show that defendant did know about certain additional events of criminial significance, which Charles had failed to mention, when Trooper Bonner made this inquiry of him.

Under such circumstances, we do not believe that Charles Fearing's conversation with the officer constituted inadmissible hearsay against defendant.[1] These declarations were obviously competent in at least two respects: (1) as part of the *res gestae, i.e.*, the course of events attendant to the investigation of the hit-and-run and (2) as evidence of defendant's knowledge and state of mind, *i.e.*, his intent to assist Charles Fearing in his efforts to avoid a felony prosecution by rejecting an opportunity to detail other relevant facts, personally known to him, about the accident to the trooper in a fuller, and hence more truthful, manner. *See* 1 Stansbury's North Carolina Evidence §§ 141, 158 (Brandis rev.

1. Defendant challenges the evidence upon this single ground.

1973); *see also State v. Duvall,* 50 N.C. App. 684, 695-96, 275 S.E. 2d 842, 852, *rev'd on other grounds* (this date), 304 N.C. 557, 284 S.E. 2d 495 (1981).

## II

[2] Over defendant's objections, the trial court permitted the State to introduce photographs of defendant's vehicle and the damaged vehicle itself as exhibits at his trial. We find no error herein. First, the record plainly demonstrates that the photographs were admitted to illustrate Trooper Bonner's testimony concerning what he actually observed when he examined the car during his investigation of the accident on 20 February 1979, the day after its occurrence. The trooper affirmed that these photographs "fairly and accurately" depicted his observations of the car on that day. The photographs, thereby sufficiently authenticated, were admissible to portray the witness's statements which tended to show that the hit-and-run was committed with defendant's car and that subsequent efforts had been made to conceal this very fact at the body shop. *See State v. Cutshall,* 278 N.C. 334, 180 S.E. 2d 745 (1971); 1 Stansbury's North Carolina Evidence § 34 (Brandis rev. 1973). Second, the tangible object of defendant's vehicle was also admissible as direct real evidence of its wrecked condition, as well as illustrative evidence of the trooper's testimony. *See* 1 Stansbury, *supra,* §§ 117-18. The officer testified at trial that he had inspected the car again and that it appeared "to be in the same condition today as it was on the 20th of February, 1979 when I examined it." Consequently, we hold that the trial judge correctly admitted these exhibits and that defendant's assignments of error are without merit.

## III

[3] Defendant asserts that the State improperly elicited certain expert testimony by failing to propound its questions in a hypothetical form. We disagree. The assignments of error concern the State's direct examination of Dr. Lawrence S. Harris, a forensic pathologist. Defendant did not challenge the witness's medical expertise in that field. Dr. Harris performed the autopsy of the hit-and-run victim and described in detail the physical injuries and condition of the body. The record clearly shows that the State sought and received Dr. Harris's expert medical opinion on the cause of death based solely upon his own personal observa-

tions, and the factual knowledge he thereby obtained, during his actual examination of the body. Under such circumstances, the medical opinion was unquestionably competent, and there was no requirement that it be given only in response to a hypothetical question. *State v. Griffin,* 288 N.C. 437, 443, 219 S.E. 2d 48, 53 (1975), *death sentence vacated,* 428 U.S. 904, 96 S.Ct. 3210, 49 L.Ed. 2d 1210 (1976); *State v. Holton,* 284 N.C. 391, 397, 200 S.E. 2d 612, 616 (1973); *see* 1 Stansbury's North Carolina Evidence § 136, at 446 (Brandis rev. 1973).

## IV

[4] Defendant contends that the State did not adduce enough evidence to convict him. We disagree. The State had to prove three things in its prosecution of defendant as an accessory after the fact under G.S. 14-7: (1) the principal (Charles Fearing) committed a felony; (2) the alleged accomplice (defendant) personally aided the principal in his attempts to avoid criminal liability by any means calculated to assist him in doing so; and (3) the accomplice gave such help with knowledge that the principal had committed a felony. *State v. Atkinson,* 298 N.C. 673, 685, 259 S.E. 2d 858, 865 (1979). The State was, of course, required to present substantial evidence of defendant's guilt on each of these essential elements; however, the State was also entitled to have such evidence viewed in the light most favorable to its position, with the benefit of every reasonable inference arising therefrom. *State v. Cox,* 303 N.C. 75, 277 S.E. 2d 376 (1981). The Court of Appeals concluded that the evidence was sufficient to sustain defendant's conviction under G.S. 14-7, *supra,* and overruled defendant's assignment of error. It suffices to say that our independent review of the record discloses ample evidence to support the Court of Appeals' conclusion, and we accordingly affirm its holding upon this point.

## V

Defendant assigns as another error, properly presented in this Court, the trial judge's denial of his motion to dismiss pursuant to the Speedy Trial Act.[2] We hold that defendant has not

2. The Court of Appeals failed to address this assignment believing it to be an error "not likely to arise again" at defendant's new trial. Whether a particular defendant is entitled to a dismissal of the charges against him within the purview

State v. Fearing

shown, on this record, that the timing of his trial violated the provisions of that Act.

[5]  Our legal analysis of this issue begins by taking note of the following three things. First, as the speedy trial motion was apparently made and ruled upon orally in open court, we do not have, for our review, the benefit of judicial findings of fact and conclusions of law detailing the basis for its denial. We must therefore rely solely upon the factual circumstances set forth in the record, *infra*, to determine whether the State met its burden in opposing such a dismissal under G.S. 15A-703. *See State v. Edwards*, 49 N.C. App. 426, 271 S.E. 2d 533 (1980), *appeal dismissed*, 301 N.C. 724, 276 S.E. 2d 289 (1981); *State v. Rogers*, 49 N.C. App. 337, 271 S.E. 2d 535, *discretionary review denied*, 301 N.C. 530, 273 S.E. 2d 464 (1980). Second, Dare County is a county which holds a limited number of court sessions. From the time of defendant's indictment in March 1979 until his trial at a special court session in February 1980, there were only six regularly scheduled criminal terms of court in Dare County, such being held on 14 and 21 May, 17 and 24 September, and 3 and 10 December 1979. Third, the time provisions governing this case are found in G.S. 15A-701(a1). In so stating, we expressly reject the State's argument that G.S. 15A-702 applies, due to the limited number of court sessions held in Dare County. By its terms, G.S. 15A-702 only addresses the situation where a defendant *elects* to move for a *prompt trial, after* the applicable time period of G.S. 15A-701 has expired due to the limited terms of court in the county of venue, and there is absolutely no evidence of such a motion here. Consequently, G.S. 15A-702 does not, as the State seems to suggest, exempt counties with fewer court sessions from the operation of the time limits stated in G.S. 15A-701. *See State v. Vaughan*, 51 N.C. App. 408, 276 S.E. 2d 518, *certiorari improvidently allowed*, 304 N.C. 383, 283 S.E. 2d 525 (1981). Rather, justifiable delay caused by a county's number of court sessions is

---

of the Speedy Trial Act is *not*, however, a question which is mooted, resolved or properly deferred by an appellate court's award of a new trial to defendant upon another ground. For, if a defendant receives a dismissal under the Act with prejudice, the State is altogether prohibited from further prosecution for the same offense. G.S. 15A-703. On the other hand, even if the case were only subject to dismissal without prejudice under the Act, the State would still be required to commence its case against defendant *anew*, beginning at the indictment stage of the criminal process, in order to re-set the statutory speedy trial time clock.

a period which may be excluded from the required timetable of G.S. 15A-701. *See* G.S. 15A-701(b)(8). Against this legal background, we now proceed to examine the substance of defendant's statutory speedy trial claim.

[6] The pertinent facts are as follows. Defendant was indicted for the charged offense on 12 March 1979. The next criminal sessions of court in Dare County were scheduled for the weeks of 14 and 21 May 1979. On 16 May 1979, the State moved for a special jury venire in the case. Judge Browning took the matter under consideration and, after receiving the affidavits of various witnesses from both sides on the question, subsequently denied the State's motion on 7 June 1979. The next regularly scheduled criminal court session in Dare County was not until 17 September 1979. On 17 September 1979, defendant moved for a continuance until the December court session. Judge Barefoot granted the motion, and the case was set for trial on 3 December 1979. When the case was called for trial on 3 December, the State renewed its motion for a special jury venire and submitted additional supporting affidavits to the court. Judge Brown granted the State's motion on 4 December (despite Judge Browning's prior ruling to the contrary on an identical motion). As part of that order, Judge Brown directed that a special venire of jurors be selected from Perquimans County and set defendant's trial for 11 February 1980 at a special session of Superior Court in Dare County. Defendant thereupon moved for a dismissal contending that his trial would not then begin and be held within the time limits of G.S. 15A-701. Judge Brown denied the motion. Defendant was thereafter brought to trial on 11 February 1980.

In the instant case, the State was obligated to try defendant within 120 days of 12 March 1979, the date of his indictment. G.S. 15A-701(a1)(1). Defendant was not actually tried until 11 February 1980. This total time span of 336 days between indictment and trial is, however, reducible to a large degree according to the following exclusions under G.S. 15A-701(b). First, under G.S. 15A-701(b)(1)(d), the 23 days consumed by the disposition of the State's motions for a special jury venire are properly subtracted from the speedy trial computation. *See State v. Avery,* 302 N.C. 517, 276 S.E. 2d 699 (1981); *State v. Oliver,* 302 N.C. 28, 274 S.E. 2d 183 (1981). Second, we also conclude that the 102 days, elapsing between the court's denial of the State's first motion for a special

venire in June and the next regularly scheduled term of court in Dare County in September, are also duly subject to exclusion. G.S. 15A-701(b)(8) expressly excludes from the applicable time calculation: "*Any* period of delay occasioned by the venue of the defendant's case being within a county where, due to limited number of court sessions scheduled for the county, the time limitations of this section cannot reasonably be met." (Emphasis added.) The postponement of defendant's case during the entire summer of 1979 was directly caused by the complete absence of any criminal court in Dare County from June through August. The prosecutor, having no control over this state of circumstances, did all that he could do—calendar defendant's case for trial at the very next court term. Thus, we believe that the summer delay of 102 days in this case constitutes precisely the type of delay envisioned and excluded in G.S. 15A-701(b)(8), *supra*.[3] Third, under G.S. 15A-701(b)(7), another 77 days must also be excluded in this case, as such period represents defendant's continuance during the fall of 1979. *See State v. McCoy*, 303 N.C. 1, 277 S.E. 2d 515 (1981). Fourth, and finally, we hold that the period of delay occurring after Judge Brown ordered the selection of a special jury venire from another county on 4 December 1979 until the trial on 11 February 1980 is also excludable from the 120-day limitation. G.S. 15A-701(b)(1)(d) does not count "[a]ny period of delay resulting from other proceedings concerning the defendant including, but not limited to, delays resulting from . . . [h]earings on pretrial motions or the granting or denial of such motions." It is clear on this record that the additional 69 days expiring before defendant's trial resulted from the granting of the State's pretrial motion for a special venire. Judge Brown's order of 4 December required the selection and transportation of one

---

3. It should be remembered that a defendant does have a remedy when his trial has been deferred beyond the limits of G.S. 15A-701 due to the unavailability of court sessions in the county of venue. He may move for a prompt trial, in which event, the trial judge may order his trial within 30 days. G.S. 15A-702(a)-(b). Here, defendant could have exercised this protective option any time after 10 July 1979. He did not do so. Instead, he even moved for a continuance on 17 September when he could have legitimately moved for a dismissal under the Speedy Trial Act. Such facts strongly suggest defendant's waiver of his statutory speedy trial rights; however, for our purposes, we need only say that there certainly is no good or sufficient reason here to overcome the straightforward use of the exclusion provided in G.S. 15A-701(b)(8).

hundred special veniremen from another county, some seventy-five miles away. Obviously, the administrative procedures involved therein could not be completed prior to the last term of court in Dare County for 1979 on 10 December. The next available session of criminal court in Dare County was scheduled for 18 February 1980. Judge Brown, however, set an earlier date for defendant's trial by arranging a special term on 11 February 1980. Consequently, in light of the particularized facts of this case and its venue in a county with limited court sessions, we are not persuaded that the final postponement of defendant's trial from December to February constituted an unreasonable or impermissible delay under the Speedy Trial Act.

The sum of the matter is this: of the 336 days elapsing between defendant's indictment and trial, 271 days are statutorily excluded from the speedy trial computation. That being so, it appears that defendant was effectively tried within 65 days of his indictment, well within the 120 day period of G.S. 15A-701(a1). We therefore overrule the assignment of error.

VI

[7] Defendant finally contends that Judge Brown erred in granting the State's renewed motion for a special jury venire on 4 December 1979 because he thereby effectively and improperly overruled the prior order of Judge Browning denying the special venire on 7 June 1979. The Court of Appeals incorrectly failed to address this assignment although obviously, if Judge Brown acted without judicial right in subjecting defendant to trial by jurors outside his home county (the venue of his case), such error would certainly persist and survive throughout the re-trial of this case. *See also* note 2, *supra.* Indeed, we do find that defendant's contention in this regard has much merit and sustain his assignment of error. We have fully addressed this identical issue, arising upon the very same facts, in our companion opinion of *State v. Duvall,* 304 N.C. 557, 284 S.E. 2d 495 (1981). For the reasons stated therein, we hold that, at this juncture of the case, defendant is entitled to a new trial by Dare County jurors.

VII

In conclusion, we affirm the Court of Appeals' decision awarding defendant a new trial for error in the instructions upon the essential elements of G.S. 20-166. *State v. Charles Fearing,*

State v. Fearing

304 N.C. 471, 284 S.E. 2d 487 (1981). In addition, we reverse the Court of Appeals' decision in so far as it failed to consider defendant's meritorious assignment of error to the order for a special jury venire and did not grant defendant a new trial by jurors from the county of the case's venue. *State v. Duvall,* 304 N.C. 557, 284 S.E. 2d 495 (1981). There shall be a new trial of the charge against defendant in accordance herewith.

Affirmed in part; reversed in part.

Justice HUSKINS dissenting in part.

For the reasons stated in my dissent in *State v. Charles Silsby Fearing* (Case No. 28, filed this date), I respectfully dissent from that portion of the majority opinion which affirms the decision of the Court of Appeals reported in 50 N.C. App. 475, 274 S.E. 2d 356 (1981), ordering a new trial for error in the judge's instructions upon the essential elements of a hit-and-run offense under G.S. 20-166.

It is my view that G.S. 20-166 requires the driver of a vehicle who knows he has been involved in an accident to stop at the scene regardless of whether he knows he has injured or killed some person. even if the law requires, as the majority of the panel of the Court of Appeals held in this case and as the majority of this Court now holds, that the driver must know not only of his involvement in an accident but also that a person has been injured or killed, the jury charge in this case sufficiently presented such requirement. I therefore vote to uphold the conviction of Malcolm Keith Fearing, III upon the charge of accessory after the fact to a felony hit-and-run causing the death of Cloise H. Creef. To that end, the decision of the Court of Appeals ordering a new trial for Malcolm Keith Fearing, III should be reversed.

I further dissent from Part VI of the majority opinion in this case which holds that Judge Brown had no authority to entertain and act upon the State's renewed motion on 4 December 1979 for a special venire because Judge Browning had previously denied a similar motion on 7 June 1979. The majority inferentially holds that Judge Brown "acted without judicial right" in subjecting defendant to trial by jurors from outside his home county and that defendant is entitled to a new trial by Dare County jurors. It

is my view that Judge Brown was not bound by the interlocutory order of Judge Browning and had authority, in his sound discretion as the trial judge, to order a special venire of jurors from another county if he determined such action was necessary to protect and promote the proper administration of justice.

The additional evidence before Judge Brown, *i.e.*, the affidavits of three state highway patrolmen, one SBI agent, three members of the Kill Devil Hills Police Department and the Chief of Police in Manteo, strengthens the evidentiary showing before Judge Browning and fully justified the action taken by Judge Brown. *See* G.S. 15A-958; G.S. 9-12; *State v. Boykin*, 291 N.C. 264, 229 S.E. 2d 914 (1976); *Calloway v. Motor Co.*, 281 N.C. 496, 189 S.E. 2d 484 (1972). The decisions of this Court uniformly hold that a motion for change of venue or a special venire is interlocutory in nature, addressed to the sound discretion of the trial judge, and an abuse of discretion must be shown before there is any error. The majority opinion goes too far and digs up more snakes than it kills. *See* G.S. 15A-958; *State v. Boykin*, supra; *State v. Alford*, 289 N.C. 372, 222 S.E. 2d 222 (1976); *State v. Harrill*, 289 N.C. 186, 221 S.E. 2d 325 (1976); *State v. Mitchell*, 283 N.C. 462, 196 S.E. 2d 736 (1973); *State v. Ray*, 274 N.C. 556, 164 S.E. 2d 457 (1968); *State v. Brown*, 271 N.C. 250, 156 S.E. 2d 272 (1967); *State v. Porth*, 269 N.C. 329, 153 S.E. 2d 10 (1967); *State v. Childs*, 269 N.C. 307, 152 S.E. 2d 453 (1967); *State v. McKethan*, 269 N.C. 81, 152 S.E. 2d 341 (1967).

For the reasons stated, I vote to reverse the decision of the Court of Appeals.

I am authorized to say that Justice MEYER joins in this dissent.

Chief Justice BRANCH joins in that portion of this dissent relating to the judge's instructions on hit-and-run under G.S. § 20-166.

Justice CARLTON joins in that portion of this dissent relating to the authority of Judge Brown to order a special venire.