STATE OF NORTH CAROLINA v. STEVEN EDWARDS

No. 809SC526

(Filed 4 November 1980)

1. **Criminal Law § 91– Speedy Trial Act – delay between indictment and initial calling of case – dismissal of charge**

   The trial court should have granted defendant's motion to dismiss the charge against him for failure to comply with the Speedy Trial Act where defendant was indicted on 20 February 1979; an attorney was appointed to represent him on 31 May 1979; the case was first calendared for trial at the 8 August 1979 session, a time well beyond the 120 day limitation imposed by G.S. 15A-701(a1)(1); the case ultimately was tried at the 8 October 1979 session; and the State produced no evidence to sustain its burden of going forward with evidence to justify excluding a portion of the period which elapsed between defendant's indictment on 20 February 1979 and the initial calling of the case for trial at the 8 August 1979 session.

2. **Criminal Law § 91– Speedy Trial Act – other proceedings concerning defendant – delay in appointment of counsel – exclusion of time – necessity for cause by defendant**

   A record indication of a period of delay between indictment and appointment of counsel, standing alone, is not sufficient to meet the burden imposed on the State by G.S. 15A-703 of "going forward with evidence" to show that a period should be excluded from computation under the Speedy Trial Act pursuant to the exemption of G.S. 15A-701(b)(1) for "other proceedings concerning the defendant." Rather, there must also be some factual basis in the record for a determination that the delay in appointing counsel was in some way occasioned by the defendant to merit exclusion under this provision.

3. **Criminal Law § 91– Speedy Trial Act – delay because of limited court sessions**

   The mere taking of judicial notice of the number of court sessions held in the county of venue between indictment and the first calling of the case for trial was not sufficient to support exclusion from computation under the Speedy Trial Act of any specific "period of delay" pursuant to G.S. 15A-701(b)(8), since there must be some factual basis in the record for a determination that the case could not reasonably have been tried during the scheduled sessions in order for such exclusion to apply.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 9 October 1979 in Superior Court, VANCE County. Heard in the Court of Appeals 14 October 1980.

Defendant was indicted for armed robbery on 20 February 1979. On 2 April 1979 defendant filed *pro se* a motion and request for a speedy trial. Mr. Charles W. Williamson, attorney at law of Henderson, North Carolina, was appointed to represent defendant on 31 May 1979.

The case was calendared for trial at the 8 August 1979 term of Vance County Superior Court before Judge Anthony Brannon. When it was called for trial at that term, the District Attorney orally moved for a continuance citing the absence of a witness who was in the State of Alaska. Defense counsel objected to the motion being granted and moved that the case be dismissed for failure to comply with the Speedy Trial Act. The court denied the motion to dismiss and ordered that the case be tried sometime in the calendar year 1979. The order also provided that the time between its entry on 9 August 1979 and 17 October 1979 be excluded in determining whether a trial had been held within the time limits established by G.S. 15A-701.

The case was tried at the 8 October 1979 Session of Vance County Superior Court before Judge Bradford Tillery. Prior to trial defendant renewed his motion to dismiss for failure to comply with the Speedy Trial Act. The motion was denied. Defendant was tried by a jury and convicted.

From a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Harvey D. Jackson, for defendant appellant.*

WHICHARD, Judge.

G.S. 15A-703 imposes on a defendant charged with a criminal offense the burden of proof in supporting a motion to dismiss for failure to comply with the time limits for trial specified by G.S. 15A-701. It gives the State, however, "the burden of going forward with evidence in connection with excluding periods from computation of time in determining whether or not the time limitations ... have been complied with." G.S. 15A-703.

In *State v. Rogers,* 49 N.C. App. 337, 271 S.E. 2d 535 (1980) (filed simultaneously herewith) the trial court conducted a hearing on the defendant's motion to dismiss for failure to comply with the Speedy Trial Act. At the hearing the State offered evidence tending to show that the defendant there had given the State reason to believe she was in the process of securing counsel for her defense during the period which the State sought to have excluded from the Speedy Trial Act computations. Although the trial court there entered no

findings of fact and no conclusions of law, this court found the evidence produced by the State at the hearing sufficient to support the trial court's ruling that the State had met its burden of going forward with evidence to support the exclusion of the period in question.

[1]  By contrast, nothing in the record of this case provides us with a factual basis for determining that the State met the burden imposed on it by G.S. 15A-703. The defendant was indicted 20 February 1979. His case was first calendared for trial at the 8 August 1979 session, a time well beyond the 120 day limitation imposed by G.S. 15A-701(a1)(1).[1] The case ultimately was tried at the 8 October 1979 session. The order excluding the period between 9 August 1979 and 17 October 1979 because of absence of a witness for the State related to a period when the 120 days prescribed for trial already had elapsed. The record reveals no evidence produced by the State for the purpose of sustaining its burden of going forward with evidence to justify excluding a portion or portions of the period which elapsed between defendant's indictment on 20 February 1979 and the initial calling of the case for trial at the 8 August 1979 session. In the absence of such evidence, G.S. 15A-703 mandates dismissal of the charge on motion of the defendant.

[2]  The record does reveal that counsel was appointed to represent defendant on 31 May 1979, 100 days after defendant was indicted. Unlike the record in the *Rogers* case, however, nothing in the record here indicates that the period of delay in appointing counsel was in any way occasioned by the defendant so that it could be excluded under the statutory exemption for "other proceedings concerning the defendant." G.S. 15A-701(b)(1). A record indication of a period of delay between indictment and appointment of counsel, standing alone, is not sufficient to meet the burden imposed on the State by G.S. 15A-703 of "going forward with evidence" to show that a period should be excluded from computation. There must also be some factual basis in the record for a determination that the delay in appointing counsel was in some way occasioned by the defendant to merit exclusion under this provision. To allow the State to exclude the

---

[1]G.S. 15A-701(a1)(1) mandates trial of criminal defendants indicted between 1 October 1978 and 1 October 1980 within 120 days of indictment if, as here, indictment is the last occurrence in a series of events designated in the statute.

State v. Edwards

period of time between indictment and appointment of counsel, regardless of the occasion for the delay, could serve to "defeat the very principles of speedy trial which the statute seeks to protect." *State v. Ward*, 46 N.C. App. 200, 205, 264 S.E. 2d 737, 740 (1980).

**[3]** The record also indicates that the trial court here took judicial notice "that there had been four regularly scheduled sessions of Vance County Criminal Superior Court between the February term, when the Grand Jury found a true bill, and the August term, when the case was first called for trial." It made no findings, however, relating to the court's ability to try this case during those four scheduled sessions. G.S. 15A-701(b)(8) provides for the exclusion of "[a]ny period of delay occasioned by the venue of the defendant's case being within a county where due to limited number of court sessions scheduled for the county, the time limitations of this section cannot reasonably be met." The mere taking of judicial notice of the number of court sessions held in the county of venue between indictment and the first calling of the case for trial was not sufficient to support exclusion from computation under the Speedy Trial Act of any specific "period of delay." Some factual basis in the record for a determination that the case could not reasonably have been tried during the scheduled sessions was also required.

The record here contains no factual basis for a finding that the State met its burden of going forward with evidence to support exclusion of a portion or portions of the period which elapsed between defendant's indictment on 20 February 1979 and the first calling of the case for trial at the 8 August 1979 Session. Consequently, the judgment entered against defendant must be vacated and the case remanded to the Superior Court of Vance County for entry of an order granting defendant's motion to dismiss for failure to comply with the Speedy Trial Act. The trial court should consider the factors set forth in G.S. 15A-703 in determining whether the order should be entered with or without prejudice.

This disposition of the case renders unnecessary consideration of defendant's other assignments of error.

Vacated and remanded.

Judges CLARK and WEBB concur.