State v. Parnell

---

STATE OF NORTH CAROLINA v. LARRY MICHAEL PARNELL

No. 8127SC123

(Filed 15 September 1981)

Criminal Law § 91— Speedy Trial Act—limited court sessions—case not tried at scheduled session—exclusion of time of continuance

The trial court's finding that defendant's trial for felonious escape was not reached at the scheduled session "because of the press of other criminal cases being heard by the Court during such session" provided a sufficient factual basis for a determination that the case could not reasonably have been tried during the scheduled session, and a 46-day continuance ordered at the scheduled session was properly excluded from the 120-day speedy trial period pursuant to G.S. 15A-701(b)(8).

APPEAL by defendant from *Howell, Judge.* Judgment entered 18 November 1980 in Superior Court, LINCOLN County. Heard in the Court of Appeals 29 May 1981.

Defendant was indicted on 16 June 1980 for felonious escape, G.S. 148-45(b). The next session of Superior Court for trial of criminal cases for Lincoln County was a two-week session commencing 25 August 1980. On 4 September 1980, the following order was entered:

"ORDER

This matter coming on to be heard before the undersigned Judge Presiding over the SEPTEMBER 2, 1980, Session of the SUPERIOR Court of LINCOLN County and it appearing to the Court and the Court finding the following facts:

1. The above numbered criminal case against the above captioned defendant was calendared for SUPERIOR Court trial at this session; that the case was not reached for trial because of the press of other criminal cases being heard by the Court during such session;

2. That a limited number of Court sessions for trial of criminal cases are scheduled for LINCOLN County and it is necessary for this matter to be continued to the next session of SUPERIOR Court; that a failure to continue the case would be likely to result in a miscarriage of justice and a granting of a continuance in this cause outweighs the best interest of the public and the defendant in a speedy trial.

Upon the foregoing findings of fact, the Court CON-CLUDES as a matter of law that any period of delay caused by the continuation of this case is occasioned by the venue of same being within a County where due to the limited number of Court sessions scheduled for the County the time limitations of G.S. 15A-701 cannot reasonably be met.

THEREFORE, it is ORDERED that this cause be, and the same is hereby, continued until the next session of Criminal SUPERIOR Court in the aforesaid County and the period of time between the date of this order and the first day of the next session of Criminal SUPERIOR Court in said County shall be excluded in computing the time within which the trial of the matter must begin.

This 4TH day of SEPTEMBER, 1980.

s/ CHARLES LAMM

JUDGE PRESIDING"

The next scheduled term of Superior Court for the trial of criminal cases for Lincoln County commenced 20 October 1980. On 22 October, defendant's counsel withdrew due to a conflict of interest. New counsel was appointed on 22 October 1980 and defendant's case was continued until the next criminal session. On 11 November 1980, defendant was tried, convicted, and sentenced to a term of one year to be served at the expiration of his present term of imprisonment.

Defendant appeals the denial of his motion to dismiss for the State's failure to bring him to trial within 120 days of indictment as required by G.S. 15A-701(a1)(1).

*Attorney General Edmisten by Assistant Attorney General Robert R. Reilly for the State.*

*Robert C. Powell for defendant appellant.*

ARNOLD, Judge.

Since 11 November was more than 120 days after 16 June, the burden is upon the State to establish periods of exclusion from the computation of the 120-day period set out in G.S. 15A-701. *See* G.S. 15A-703. The only period significant to this appeal is the 46-day continuance order on 4 September 1980. If this period was properly excluded, then the defendant was tried within the 120-day period. If not, the 120 days elapsed before defendant's counsel withdrew on 22 October.

G.S. 15A-701 provides:

"(b) The following periods shall be excluded in computing the time within which the trial of a criminal offense must begin:

\*       \*       \*       \*

(8) Any period of delay occasioned by the venue of the defendant's case being within a county where, due to limited number of court sessions scheduled for the county, the time limitations of this section cannot reasonably be met; . . ."

We hold that the order set out above fully complies with the requirements of G.S. 15A-701(b)(8). The order contained a finding that due to the press of other criminal cases defendant's case was not reached. We believe this finding provided a "factual basis . . . for a determination that the case could not reasonably have been tried during the scheduled session . . ." as required in *State v. Edwards,* 49 N.C. App. 426, 428, 271 S.E. 2d 533, 535 (1980). The period from 4 September to 20 October was properly excluded and defendant was thus tried within the required 120 days, excluding the 46 days between sessions.

We note that defendant had a remedy if he were dissatisfied with the continuance of his case to the next session. G.S. 15A-702 provides that a defendant can move for a prompt trial any time after 120 days have elapsed, in which case a trial may be ordered within 30 days of the filing of the motion. *See State v. Cornell*, 51 N.C. App. 108, 275 S.E. 2d 857 (1981). That defendant made no such motion indicates to us his acquiescence in the initial continuance. He may not now complain that the continuance prejudiced him.

No error.

Judges MARTIN (Robert M.) and HILL concur.