STATE OF NORTH CAROLINA v. LARRY JONES

No. 8316SC1055

(Filed 18 September 1984)

Criminal Law § 91— speedy trial—no excludable time periods—size of docket—no delay by State—improper criteria

 The trial court erred in denying defendant's motion to dismiss pursuant to the Speedy Trial Act, G.S. 15A-701 et seq., where more than 120 days elapsed between defendant's mistrial and defendant's motion for dismissal and the hearing thereon; the State did not offer any evidence as to any time periods to be excluded under G.S. 15A-701(b); and the size of the docket and whether the State acted in a wilful or neglectful manner were not criteria to apply in determining a motion to dismiss pursuant to the Speedy Trial Act.

APPEAL by defendant from *Herring, Judge.* Judgment entered 13 May 1983 in Superior Court, ROBESON County. Heard in the Court of Appeals 21 August 1984.

This is a criminal action in which defendant was convicted at a jury trial for manufacture of marijuana in violation of G.S. 90-95(a)(1).

Defendant was first tried at the 4 October 1982 criminal session of Superior Court of Robeson County. During presentation of evidence by the defendant, the Honorable Giles R. Clark, Judge, declared a mistrial on 8 October 1982.

On 25 March 1983 the defendant made a motion to dismiss for failure of the State to comply with G.S. 15A-701(a1)(4), the Speedy Trial Act. On that same date, the motion was denied. At

that point 168 days had passed since the mistrial was declared on 8 October 1982.

The evidence at the hearing tended to show that, including dual sessions of court, there had been nineteen criminal sessions of Superior Court in Robeson County between 8 October 1982 and 25 March 1983, that the defendant and his witnesses had been in court during all those same sessions and that there were no allowable exclusions of time pursuant to G.S. 15A-701(b).

In denying defendant's motion to dismiss, the trial judge cited crowded docket conditions and the lack of wilfulness or negligence on the part of the State in failing to bring the case to trial within the time limits mandated by G.S. 15A-701(a1)(4).

Defendant was tried on 9 May 1983 and from his conviction and the denial of his motion to dismiss for speedy trial violations, he appeals.

*Attorney General Edmisten by Associate Attorney General Thomas H. Davis, for the State.*

*Britt and Britt, by William S. Britt, for the defendant-appellant.*

EAGLES, Judge.

Defendant assigns as error the trial court's denial of his motion to dismiss pursuant to North Carolina's Speedy Trial Act, G.S. 15A-701 *et seq.* For the reasons stated below, we agree that there was error.

We note that the Speedy Trial Act, G.S. 15A-701 *et seq.,* creates new rights, supplemental to the speedy trial rights existing under the Sixth Amendment of the United States Constitution. *State v. Reekes,* 59 N.C. App. 672, 297 S.E. 2d 763, *cert. denied,* 307 N.C. 472, 298 S.E. 2d 693 (1982). Thus, the terms of the statute control where a motion to dismiss is made pursuant to G.S. 15A-701 *et seq.* as distinguished from a motion to dismiss based on an alleged denial of constitutional rights to a speedy trial guaranteed by the Sixth Amendment of the United States Constitution. The defendant's motion here was made pursuant to our statute.

The evidence introduced at the motion hearing on 25 March 1983 clearly shows that a prior trial was terminated by an order of mistrial entered on 8 October 1982.

G.S. 15A-701(a1)(4) mandates that when a defendant is to be re-tried following a mistrial, then he must be tried again within 120 days of the declaration of mistrial.

If a defendant is not brought to trial within the time limits required (here, the 120 day limit of G.S. 15A-701(a1)(4)), G.S. 15A-703 requires that the charge *shall* be dismissed on motion of the defendant. The statute imposes on a criminal defendant the burden of proof in supporting his motion to dismiss for failure of the State to comply with the time limits for trial specified by G.S. 15A-701(a1)(4). It gives the State, however, "the burden of going forward with evidence in connection with excluding periods from computation of time in determining whether or not the time limitations [of the Speedy Trial Act] have been complied with." *State v. Edwards*, 49 N.C. App. 426, 427, 271 S.E. 2d 533, 534 (1980), *appeal dismissed*, 301 N.C. 724, 276 S.E. 2d 289 (1981). Once the defendant shows that more than 120 days have passed since the order of mistrial, the State, in order to prevail, must show that no more than 120 days of *non-excludable time* has passed.

The defendant has clearly met his burden by showing that 168 days elapsed between the order of mistrial and the hearing upon the motion to dismiss.

By contrast, nothing in the record provides a basis for determining that the State has met its burden imposed by G.S. 15A-703 relating to excludable time periods. The State offered no evidence as to any time periods to be excluded under G.S. 15A-701(b). The defendant offered the evidence tending to show there were 19 criminal sessions of Superior Court in Robeson County between 8 October 1982 and 25 March 1983. No evidence was offered by the State as to why this case could not reasonably have been tried at one of those sessions.

The trial court, however, seems to have relied on the "size of the docket in [Robeson] County" and that the "State did not act in a [wilful and neglectful manner]" in failing to bring the case to trial within the time limit imposed by the Speedy Trial Act. This is not an appropriate standard for concluding that G.S. 15A-

701(a1)(4) has been complied with or that noncompliance may be overlooked.

Our court held in *State v. Edwards, supra,* that "[t]he mere taking of judicial notice of the number of court sessions held in the county of venue . . . was not sufficient to support exclusion from computation under the Speedy Trial Act of any specific 'period of delay' [pursuant to G.S. 15A-701(b)(8)]. Some factual basis in the record for a determination that the case could not reasonably have been tried during the scheduled sessions was also required." 49 N.C. App. at 429, 271 S.E. 2d at 535. This same standard must apply to the mere taking of judicial notice of the size of the docket. Since no factual basis appears in the record upon which the trial judge could have taken notice of the size of the docket, it was error to do so.

The trial judge also took notice that the State had not acted in a wilful or neglectful manner. Under the Speedy Trial Act, the absence of wilfulness or negligence is not a criterion for excluding time periods pursuant to G.S. 15A-701(b). It was error to apply this standard to a determination of a motion to dismiss pursuant to the Speedy Trial Act.

The judgment entered against the defendant must be vacated and the case remanded to Superior Court of Robeson County for entry of an order granting defendant's motion to dismiss for failure to comply with the Speedy Trial Act. The trial court should also consider G.S. 15A-703 in determining whether the order of dismissal should be entered with or without prejudice. Defendant's other assignments of error need not be considered.

Vacated and remanded.

Judges ARNOLD and WHICHARD concur.