STATE OF NORTH CAROLINA v. NELSON EDWARD CLARK

No. 8427SC364

(Filed 5 March 1985)

**1. Criminal Law § 91— Speedy Trial Act—delay caused by cancellation of term of court excluded**

There was no violation of the Speedy Trial Act where defendant's first trial resulted in a mistrial on 26 July 1983, his case was scheduled for retrial

on 31 August 1983, a personal tragedy involving the judge scheduled to preside resulted in cancelling that term, and the next term commenced 3 October 1983, but defendant's case was not reached until 7 December 1983. The legislative intent was that the State should not be prejudiced in Speedy Trial Act computations by the cancellation of a term of court due to extraordinary circumstances involving the judge scheduled to preside, so that the period between 31 August and 3 October was properly excluded and defendant was retried within the 120 days allowed by the law in effect at the time of the mistrial. G.S. 15A-701(a1)(4) (1981 Cum. Supp.); G.S. 15A-701(b)(8).

**2. Constitutional Law § 52— constitutional right to speedy trial—no violation**

Defendant was not denied his Sixth Amendment right to a speedy trial where defendant's retrial was 134 days after an initial mistrial because defendant did not meet his burden of showing that the delay was due to the State's wilfulness or neglect, the record reveals no assertion by defendant of his right to a speedy trial prior to his motion to dismiss, and defendant has shown no prejudice from the delay.

**3. Automobiles and Other Vehicles § 127.2— driving under the influence—identification of defendant as driver—evidence sufficient**

Defendant's motion to dismiss the charge of driving under the influence was properly denied where the evidence showed that a witness observed an automobile "weaving backwards and forwards" on a roadway and eventually going into a ditch; the witness described the driver as wearing a large black or brown broad-rimmed hat; a deputy who arrived fifteen to thirty minutes later observed the automobile in the ditch with defendant sitting behind the steering wheel; defendant was wearing a "brownish" broad-rimmed cowboy-style hat, had a strong odor of alcohol about him, slurred speech, was "a little bit rowdy" and unsteady on his feet; defendant had, in the deputy's opinion, consumed a sufficient amount of alcoholic beverages to impair his driving; defendant's subsequent breathalyzer reading was .21; the deputy found several empty beer cans and a soft drink bottle with the odor of alcohol about it in the car and a six-pack in the front seat; defendant was the only person in the vehicle or at the scene when the deputy arrived; only the driver's door was open; and the only way to get out of the car from the front seat was by the driver's side.

**4. Criminal Law § 124.1— verdict sheet resubmitted—no prejudice**

Defendant was not prejudiced by proceedings regarding the verdict where the verdict sheet originally showed the number "12" after the question of whether defendant was guilty, the court returned the sheet to the jury with instructions to answer the items yes or no, guilty or not guilty, the jury returned the verdict sheet with the word guilty following the question, and the jurors unanimously affirmed their finding when polled. G.S. 15A-1238.

APPEAL by defendant from *Saunders, Judge.* Judgment entered 7 December 1983 in Superior Court, LINCOLN County. Heard in the Court of Appeals 10 January 1985.

Defendant appeals from a judgment of imprisonment entered upon his conviction of driving under the influence, second offense.

*Attorney General Edmisten, by Assistant Attorney General W. Dale Talbert, for the State.*

*Robert C. Powell for defendant appellant.*

WHICHARD, Judge.

[1]   Defendant contends the court erred in denying his motion to dismiss for violation of the Speedy Trial Act, G.S. 15A-701 *et seq.* The pertinent facts are as follows:

Defendant's first trial on this charge resulted in the declaration of a mistrial on 26 July 1983. The case was scheduled for retrial on 31 August 1983. That term was cancelled, however, due to a personal tragedy involving the judge scheduled to preside. The next term commenced on 3 October 1983. The case was not reached at that term or at the next, which commenced on 7 November 1983. It was ultimately tried at the next term thereafter, which commenced on 7 December 1983.

The law in effect at the time of the mistrial allowed the State 120 days in which to retry defendant. G.S. 15A-701(a1)(4) (1981 Cum. Supp.); *State v. Jones*, 70 N.C. App. 467, 320 S.E. 2d 26 (1984). Defendant's contention that the State had only ninety days to retry him is incorrect. The retrial here commenced 134 days after the declaration of mistrial. The State thus had the burden of establishing that at least fourteen of those 134 days were excludable. *Jones*, 70 N.C. App. at 469, 320 S.E. 2d at 27, citing *State v. Edwards*, 49 N.C. App. 426, 427, 271 S.E. 2d 533, 534 (1980), *appeal dismissed*, 301 N.C. 724, 276 S.E. 2d 289 (1981).

G.S. 15A-701(b)(8) provides that in counties not conclusively presumed to be unable to meet the requirements of the Speedy Trial Act due to the limited number of court sessions, "determination shall be made in each case whether the applicable time limit . . . cannot reasonably be met due to the limited number of court sessions scheduled . . . ." We find this provision applicable to the facts presented. It indicates a legislative intent that the State should not be prejudiced in Speedy Trial Act computations by the cancellation of a term of court due to extraordinary circumstances involving the judge scheduled to preside. We thus hold that the

trial court properly excluded the period between 31 August 1983, the date the cancelled term was to commence, and 3 October 1983, the date the next succeeding term commenced. With this exclusion, defendant was retried within the requisite 120 day period.

[2] Defendant contends that even if his statutory right to a speedy trial was not violated, he was denied his right to a speedy trial under the Sixth Amendment to the United States Constitution. The factors to be assessed in determining whether a defendant has been deprived of the constitutional right to a speedy trial are: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant from the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 33 L.Ed. 2d 101, 117, 92 S.Ct. 2182, 2192 (1972); *see also State v. Hill*, 287 N.C. 207, 211-13, 214 S.E. 2d 67, 71 (1975).

The length of delay here, 134 days, standing alone, is not sufficient to be unreasonable or prejudicial. *See State v. Hartman*, 49 N.C. App. 83, 86, 270 S.E. 2d 609, 612 (1980). The reason for the delay is not clear from the record. The defendant, however, has the burden of showing that the delay was due to the State's wilfulness or neglect. *State v. Spencer*, 281 N.C. 121, 124, 187 S.E. 2d 779, 781 (1972); *State v. Johnson*, 275 N.C. 264, 269, 167 S.E. 2d 274, 278 (1969). That burden has not been met. The record reveals no assertion by defendant of his right to a speedy trial prior to his motion to dismiss. Finally, defendant has shown no prejudice from the delay. We thus find no basis for concluding that defendant's Sixth Amendment right to a speedy trial was denied.

[3] Defendant contends the court erred in denying his motion to dismiss. He argues that the evidence was insufficient to identify him as the driver when the automobile was being operated or to prove that he drove it while intoxicated.

Upon a motion to dismiss, the evidence must be considered in the light most favorable to the State, giving it the benefit of every reasonable inference to be drawn. When there is sufficient evidence, direct or circumstantial, from which the jury could find that the defendant committed the offense charged, the motion should be denied. *State v. Finney*, 290 N.C. 755, 757, 228 S.E. 2d 433, 434 (1976).

When a motion for [dismissal] questions the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. (Citation omitted.) If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that defendant is guilty. (Citation omitted.)

*State v. Snead*, 295 N.C. 615, 618, 247 S.E. 2d 893, 895 (1978).

The evidence here, in the light most favorable to the State, showed the following:

A witness observed an automobile "weaving backwards and forwards" on the roadway and eventually going off the roadway into a ditch. The witness described the driver as wearing a large black or brown broad-rimmed hat. He did not see anyone else in the vehicle.

A sheriff's deputy arrived at the scene fifteen to thirty minutes later and observed the automobile in the ditch. He saw defendant sitting behind the steering wheel and asked him to step out. Defendant was wearing a "brownish" broad-rimmed cowboy-style hat. He had a strong odor of alcohol about him. His speech was slurred, he was "a little bit rowdy," and he was unsteady on his feet. In the deputy's opinion defendant had consumed a considerable amount of alcoholic beverages, sufficient to impair his driving abilities. Defendant's subsequent breathalyzer reading was .21.

The deputy found several empty beer cans in the car. He also found a soft drink bottle with the odor of alcohol about it. A six-pack of beer was in the front seat.

Defendant was the only person in the vehicle when the deputy arrived. No one else was at the scene. Defendant was sitting behind the steering wheel on the driver's side. The driver's door was open; all other doors were closed. The only way anyone in the front seat could get out of the car was on the driver's side.

The foregoing evidence clearly permits a reasonable inference that defendant was driving the automobile when it was being operated and that he was intoxicated at the time. *Compare Snead*, 295 N.C. 615, 247 S.E. 2d 893; *State v. Cummings*, 267 N.C.

300, 148 S.E. 2d 97 (1966). The court thus properly denied the motion to dismiss.

[4] Defendant contends the court erred in taking an improper verdict. The verdict sheet originally showed the number "12" after the question "Is [defendant] guilty of driving while under the influence of an alcoholic beverage?" The court returned the sheet to the jury with instructions to answer the issues " 'yes', or 'no', 'guilty', or 'not guilty', depending on what the verdict is . . . ." The jury then returned the sheet with the word "guilty" following the above question.

We find no error in the procedure followed. The court merely required that the verdict sheet properly reflect the jury's finding. Moreover, defendant admits that the clerk subsequently polled the jury, *see* G.S. 15A-1238, and that the jurors unanimously affirmed their finding that defendant was guilty of driving under the influence of an alcoholic beverage. It is thus clear that defendant was not prejudiced by the proceedings regarding the verdict.

We have examined defendant's contentions regarding the court's evidentiary rulings and instructions to the jury and have found no prejudicial error warranting a new trial. We conclude that defendant had a fair trial, free from prejudicial error.

No error.

Chief Judge HEDRICK and Judge PARKER concur.